# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JACQUELYN C. THOMPSON,

        Plaintiff,

v.                                                                        Case No. 09-CV-693

ERIC K. SHINSEKI, Secretary,
Department of Veterans Affairs Agency,

        Defendant.

_____

# ORDER

Pro se plaintiff Jacquelyn Thompson ("Thompson") filed this action alleging that the Department of Veterans Affairs ("the VA") discriminated against her on the basis of sex, age, race, color and weight when she was fired from her position at a VA medical center in Indianapolis, Indiana, after one month of employment. Thompson also asserts that she was subjected to a hostile work environment and retaliation. The defendant filed an answer denying nearly all of Thompson's allegations. The defendant did, however, admit one of Thompson's approximately 60 assertions, and she relies upon this single admission to support her motion for judgment. Thompson averred in her complaint that she was treated differently than her co-workers because she was not assigned a reporting location on the work schedule: "My name never had a location to report to next to my name on the schedule like all the others (differential treatment)." (Id. at 10-11). The defendant admitted the allegation in his answer. (*See* Answer, at 9).

On the basis of this admission, Thompson filed a "Motion to Immediately Rule in My Favor." Thompson asserts that she is entitled to judgment because the defendant admitted that she was subjected to "differential treatment." However, Thompson is not entitled to judgment on the pleadings and the court will deny her motion.

The court interprets Thompson's filing as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) states that: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The rule allows a party to move for judgment after the filing of the complaint and answer. *Supreme Laundry Serv., LLC v. Hartford Casualty Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). The court only grants judgment on the pleadings when "the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

An entry of judgment on the pleadings is inappropriate here because Thompson fails to demonstrate that there are no material issues of fact to be resolved. All that the defendant's answer establishes is that a location was not printed next to Thompson's name on the work schedule. This fact does not definitively establish that the defendant is liable on any of Thompson's suggested claims or eliminate all material issues of fact.

First, the pleadings do not definitively establish that the defendant committed race, color, or sex discrimination. Title VII of the Civil Rights Act of 1964 ("Title VII")

prohibits discrimination based on race, color, or sex. 42 U.S.C. § 2000e et seq. A plaintiff can prove discrimination in violation of Title VII through either direct or indirect evidence. *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009). Direct evidence of discrimination is evidence that proves discriminatory conduct without reliance on inference or presumption, such as an admission by the decision-maker that his actions were based on race, color, or sex. *Rhodes v. Illinois Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004). Direct evidence can also consist of a "convincing mosaic" of circumstantial evidence allowing a jury to infer intentional discrimination. *Id.* Alternatively, a plaintiff may rely on indirect evidence of discrimination. Under this approach, Thompson must establish a prima facie case of discrimination by proving that: 1) she is a member of a protected class; 2) she was performing her job satisfactorily; 3) that she suffered an adverse employment action; and 4) that similarly situated employees outside of her protected class were treated more favorably. *Antonetti*, 563 F.3d at 591. If Thompson establishes a prima facie case of discrimination, the defendant must then produce a legitimate non-discriminatory reason for its adverse employment action. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1061 (7th Cir. 2003).

The pleadings in the instant case do not eliminate all material issues of fact regarding whether the defendant violated Title VII. The defendant's admission that the work schedule did not list a reporting location after Thompson's name, as it did after the names of her co-workers, does not establish illegal discrimination through either the direct or indirect methods of proof. It is not an outright admission that the

-3-

defendant made any adverse employment decision on the basis of Thompson's race, color, or sex, nor does it establish that she is entitled to judgment based on indirect evidence. The defendant asserts in his answer that Thompson was not allowed to work independently because she had not yet completed her training. (Answer, at ¶ 52). This provides a nondiscriminatory reason for the VA's failure to specify a reporting location for Thompson on the work schedule. Further, the defendant denied all other allegations of discrimination Thompson asserted in her complaint.[1] Therefore, material issues of fact remain regarding Thompson's claims for race, color, and sex discrimination.

Next, the pleadings do not definitively establish that the defendant committed age discrimination. The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employment discrimination against persons who are forty years of age and older. 29 U.S.C. § 633a. A plaintiff may use the same methods for establishing illegal age discrimination as she uses to establish Title VII violations. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1060 (7th Cir. 2003). Here, the defendant's answer does not establish an outright admission of discrimination on the basis of age. Instead, the defendant provided a non-discriminatory reason for its failure to assign Thompson

---

[1] Thompson made the following allegations of race, color, and sex discrimination in her complaint: a) "As a person of color, I have been the victim of racism many times over"; b) "people of color suffer so much in the workforce"; c) "I was a victim of racism, blacklisting, discrimination, lies, persecution, fraud, retaliation, wrongful termination, set-ups, punishment, deceit, differential treatment, harassment, physical abuse, mental abuse, character assassination, dehumanization, humiliation, all because of my color;" d) "I was treated as sub-human"; e) "the new racist and discrimination act is let them in (people of color, age, sex, weight, etc), set them up, and get them out for good;" f) "If I can't work I can't live so this blacklisting and racism and discrimination is going to kill me." (Compl., at 2-11). The defendant denied all of the aforementioned allegations in his answer. (Answer, at 2-10).

a reporting location, and denied all other allegations asserted in the complaint. Thus, issues of material fact remain regarding Thompson's ADEA claim.

Finally, the pleadings do not definitively establish that the defendant violated Title VII by retaliating against Thompson or by permitting a hostile work environment. Title VII forbids employer actions based on a retaliatory motive that are likely to dissuade a reasonable employee from engaging in protected activity. 42 U.S.C. § 2000e-3(a). To establish retaliation under Title VII, Thompson must demonstrate that: 1) she engaged in statutorily protected activity; 2) she performed her job according to her employer's legitimate expectations; 3) despite meeting these expectations, she suffered a materially adverse employment action; and 4) she was treated less favorably than a similarly-situated employee who did not engage in statutorily protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). To show harassment in violation of Title VII, Thompson must prove that her work environment was subjectively and objectively offensive; "one that a reasonable person would find hostile or abusive and one that the victim in fact did perceive to be so." *Cerros v. Steel Technologies, Inc.*, 398 F.3d 944, 947 (7th Cir. 2005). The defendant's admission that, unlike other employees, an assigned work location did not appear next to Thompson's name on the schedule, does not fulfill the multiple requirements for Title VII retaliation or harassment. The defendant did not admit that Thompson was performing her work according to her employer's expectations or that the alleged harassment was subjectively or objectively offensive. On the contrary, the defendant denied that Thompson was inappropriately "slapped,"

-5-

Case 2:09-cv-00693-JPS   Filed 03/30/10   Page 5 of 6   Document 22

denied that personal questions asked of her by co-workers were meant to be offensive, denied that Thompson was "put on display" when she was taken to various areas of the medical center, denied that meetings were "hidden" from her or that she was denied admittance based on sex, age, color, race, or weight, and also denied that she was prevented from going to work on the floor after completing her training. (Answer, at 8-10). Consequently, issues of material fact remain regarding Thompson's Title VII retaliation and harassment claims.

Thompson is not entitled to a judgment on the pleadings because material issues of fact remain to be resolved regarding her claims. The single admission that Thompson relies upon in support of her motion is insufficient to demonstrate that the court should enter judgment in her favor. Therefore, the court will deny her motion.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a ruling based on the pleadings (Docket #17) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge